IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ANTHONY QUINTIN KELLY, #352736<br>    Plaintiff,<br>v.<br><br>JOHN MCCARTHY<br>KATHY KNIGHT<br>STATE OF MARYLAND<br>    Defendants. | *<br><br>*   CIVIL ACTION NO. RDB-17-1611<br>*<br><br>*<br><br>***** |

## **MEMORANDUM OPINION**

### Prior Filing

On March 20, 2017, Anthony Quintin Kelly ("Kelly"), who is confined at the North Branch Correctional Institution, filed a 42 U.S.C. § 1983 civil rights action seeking declaratory and injunctive relief, as well as compensatory, monetary and punitive damages against the State of Maryland, Montgomery County, Maryland State's Attorney John McCarthy, and Assistant State's Attorney Kathy Knight. He alleged that he was subject to malicious prosecution, false arrest, and false imprisonment when Defendants acted with "evil motive" or "callous[ness]" to his constitutional rights by indicting, prosecuting, and sentencing him. *See Kelly v. McCarthy, et al.*, Civil Action No. RDB-17-765 (D. Md.) at ECF No. 1. On March 22, 2017, Kelly's Complaint was summarily dismissed due to defendants McCarthy and Knight's absolute immunity as prosecutors and the State of Maryland's sovereign immunity under the Eleventh Amendment. The Court further concluded that Kelly could not raise a claim for damages which challenged his convictions and sentences under *Heck v. Humphrey*, 512 U.S. 477 (1994). *Id*. at Nos. 2 & 3.

Subsequent to the dismissal of the case, Kelly filed inquiries into the status of his Rule 59(e) Motion. *Id*. at ECF Nos. 4 & 5. A copy of the docket was sent to him. On May 26, 2017, Kelly

filed a Motion for Leave to File a Belated Motion to Alter or Amend the Judgment. *Id*. at ECF No. 6. The Motion was granted on May 31, 2017. Kelly was to file his Motion to Alter or Amend the Judgment by June 28, 2017. *Id*. at ECF No. 7.

On June 12, 2017, the Court received correspondence from Kelly. *Id*. at ECF No. 8. He indicates that he placed a new § 1983 Complaint in the prison mailbox prior to receiving the Court's May 31, 2017 Order. He asks that the new Complaint be treated as an "Emergency Motion for Leave to File a Belated Emergency Complaint under 42 U.S.C. § 1983 [and] Title II of the ADA and Section 504..." Kelly seeks to be given an opportunity to "fix whatever the court thinks is wrong" with the Complaint in *Kelly v. McCarthy, et al.*, Civil Action No. RDB-17-765 (D. Md.). *Id*.

## Current Complaint

Before Kelly's letter was docketed, his new Complaint against prosecutors McCarthy and Knight, as well as the State of Maryland, was received for filing on June 12, 2017, and instituted as the above-captioned case.[1] Unfortunately, this latest Complaint fares no better than Kelly's original Complaint and there is no set of facts that can save it from dismissal.

Kelly once again challenges his arrest and prosecution in Montgomery County, Maryland. He claims that the prosecutors made improper and untruthful statements during trial, his criminal trial was a "sham and pretense," the state court was without jurisdiction to put him on trial, and the trial court's jury instructions were "unconstitutional." He seeks declaratory and injunctive relief (his

---

[1] Kelly's new Complaint and Motion for Leave to Proceed In Forma Pauperis reference *Kelly v. Shearin. et al.*, Civil Action No. RDB-14-717 (D. Md.), a 28 U.S.C. § 2254 Petition for Habeas Corpus Relief dismissed on September 4, 2014. Kelly's appeal of that decision was dismissed by the United States Court of Appeals for the Fourth Circuit on January 20, 2015.

2

release),[2] along with compensatory, punitive, and monetary damages. ECF No. 1.

**Analysis**

The state court docket shows that in October of 2002, Kelly was charged with first-degree rape, first-degree assault, and use of a handgun in the commission of a felony or crime of violence in *State v. Kelly*, Case No. 96433 (Cir. Ct. for Montgomery Cnty.). In May of 2003, he was charged with first degree rape and robbery with a dangerous and deadly weapon in *State v. Kelly*, Case No. 97760 (Cir. Ct. for Montgomery Cnty.). Also in May of 2003, he was charged with two counts of murder, first-degree burglary, robbery with a dangerous and deadly weapon, two counts of use of a firearm in the commission of a felony/violent crime, second-degree burglary, and theft in *State v. Kelly*, Case No. 97749C (Cir. Ct. for Montgomery Cnty.). At the conclusion of pre-trial hearings, on June 3, 2004, Kelly was declared incompetent to stand trial in all three cases. On February 5, 2008, however, the Circuit Court determined that Kelly was competent to stand trial in all three cases.

On June 11, 2008, a jury found Kelly guilty by a jury of first-degree rape, first-degree assault, and use of a handgun in the commission of a felony or crime of violence in *State v. Kelly*, Case No. 96433. On July 2, 2008, a jury found him guilty of first-degree rape in *State v. Kelly*, Case No. 97760C. On August 4, 2008, a jury found Kelly guilty of two counts of first-degree murder, first-degree burglary, armed robbery, and two counts of use of a handgun in the commission of a felony or crime of violence in *State v. Kelly*, Case No. 97749C. On September 8, 2008, Kelly was sentenced in all three cases to four consecutive life sentences plus additional twenty- and eighty-year consecutive terms.

---

[2] The Complaint was accompanied by a Motion for Leave to Proceed In Forma Pauperis, which shall be granted, and a Release Plan. The Court has no authority to release Kelly

Kelly noted a *pro se* appeal from all three judgments of conviction to the Court of Special Appeals of Maryland. On July 10, 2009, the appeals were dismissed on grounds of non-compliance with the rules of appellate procedure. Kelly's request for further review of the dismissal of his appeal was denied by the Court of Appeals of Maryland on July 21, 2009. His reconsideration request was denied by the Court of Special Appeals on August 31, 2009. *See* http://casesearch.courts.state.md.us/casesearch/inquirySearch.jis.

## Discussion

Kelly's new Complaint for damages may not proceed. First, his claim against the prosecutors is not colorable. Both McCarthy and Knight are immune from Kelly's § 1983 claims for damages. A prosecutor is a quasi-judicial officer who enjoys absolute immunity when performing prosecutorial, as opposed to investigative or administrative, functions. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Springmen v. Williams*, 122 F.3d 211, 212-13 (4th Cir. 1997); *Lyles v. Sparks*, 79 F.3d 372, 376-77 (4th Cir. 1996). Decisions regarding whether and who to prosecute fall within those prosecutorial functions.

Further, a § 1983 lawsuit may not be filed against the State of Maryland. Neither a state nor an agency of a state is a "person" within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64-65 & 70-71 (1989). Moreover, the State of Maryland is immune from liability under the Eleventh Amendment from a § 1983 suit in federal court without regard to the nature of the relief sought. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-01 (1984); *C.H. v. Oliva*, 226 F.3d 198, 201 (3rd Cir. 2000).[3]

---

from his state incarceration based upon his filing of a civil right action.

    [3]    Although Kelly cites to Title II of the Americans With Disabilities Act ("ADA"), he

Finally, to the extent that Kelly's civil rights Complaint raises a general damage claim regarding the constitutionality of his incarceration, it is not appropriately before the Court. Under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) a claim challenging a prosecution is barred, as a judgment in Kelly's favor would necessarily imply the invalidity of his criminal convictions.

**Conclusion**

For the aforementioned reasons, Kelly's Complaint shall be dismissed for the failure to state a claim.

Date: __June 16, 2017_____          /s/_____
                                  RICHARD D. BENNETT
                                  UNITED STATES DISTRICT JUDGE

---

provides no claims under that statute. To state a claim for violation of the ADA, Kelly must show that he: (1) has a disability, (2) is otherwise qualified to participate in a program, and (3) was denied the benefits of the program or discriminated against because of the disability. *See Millington v. Temple Univ. Sch. Of Dentistry*, 261 Fed. App. 363, 365 (3rd Cir. 2008). A physical condition may qualify as a "disability" within the meaning of the ADA because it "substantially limits one or more ... major life activities." 42 U.S.C. § 12102; 29 U.S.C. § 705(20)(B). Under the law in this Circuit, to establish that he is disabled under the ADA, Kelly must prove that: he has a physical or mental impairment; that this impairment implicates at least one major life activity; and the limitation is substantial. *See Heiko v. Columbo Savings Bank, F.S.B.*, 434 F.3d 249, 254 (4th Cir. 2006). He fails to show his qualifying disability under the ADA and how Title II has been violated.